McIlvaine, J.
We think the judgments below were right. The plaintiffs’ case was, that their ancestor, Absalom Craig, had. conveyed these lands to Jennings in trust to sell, and out of the proceeds of sale to discharge his-claim against the grantor, and to pay the balance to him. By this conveyance, Craig’s interest in the land was converted into a claim for money, and, upon his death, it passed to his administrator, and not to the heir. It is true,, that Craig in his lifetime, by paying his indebtedness to Jennings, might have become the sole benficiary under the trust, and upon well recognized principles of equity, would have been entitled to elect to take the land, instead of the-proceeds of a sale. But he did not attempt either to exercise this privilege, or to qualify himself for doing’so by discharging the trustee’s interest under the trust.-
Whether this privilege, after the death of Craig, .passed to his heirs, we need not stop to inquire, for the reason that they did not offer to exercise it, orto qualify themselves-to do so, until after the trust was executed by a sale of the lands. True, Jennings did' not execute the trust, but it has nevertheless been executed under the decree of a court of equity, at the instance of the administrator, who undoubtedly had the right to insist upon its execution; at least until the heirs, by the payment of Jennings’ claim, might possibly have clothed themselves with the privilege of electing to take the land. This privilege of a cestui que trust is available only when exercised, for, until exercised, the power and the duty of the trustee to sell are continued, and when the trust is executed the privilege is at an end.
From what has been said, it follows that the plaintiffs in error, as the heirs of Absalom Craig, had no interest in these lands as such; that their interest was an equity in the *87 proceeds ; and that their interest in the proceeds was represented by the administrator, so that the claim now made, that the proceedings by the administrator for the enforcement of this trust, do not bind them, who were not parties-thereto, is not well founded. Although they were not parties to the action, they were represented in it by the administrator. By reason of this privity, the heirs are bound by the judgment and orders of the court, as though they had been parties to the record.
It also follows, from the same views, that the allegation of the plaintiffs in error that the proceedings in the former action by the administrator against Jennings were tainted with the fraud of Jennings in making the purchase, was of no avail in the suit below, for two reasons: 1. If fraud intervened in the sale, it should be impeached by the administrator, and not the heir. 2. The administrator did allege the fraud in his motion to set aside the sale to Jennings, and the judgment of the court there invoked was against the allegation, and is still in full force.
It is also claimed that the court below erred in its rulings on the plea of the statute of limitations. We have not examined this point. The defense which we have considered was good, and any error which the court may have committed in relation to other defenses set up in the answer were not, therefore, prejudicial to the plaintiffs.

Motion overruled.